■ CAROL B. SHAPIRO, Respondent, v DAVID MAYER et al., Appellants.—In an action to recover damages for breach of an agreement to act as coguarantors with the plaintiff's decedent of a loan to Nationwide Extended Warranty Service, Inc., the defendants appeal from a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), entered September 27, 1989, which, after a hearing, is in favor of the plaintiff and against them in the principal sum of $6,250.

Ordered that the judgment is affirmed, with costs.

The plaintiff's decedent Rubin Shapiro, was an officer of the corporation Nationwide Extended Warranty Service, Inc., in October 1984 when the corporation borrowed $25,000 from Israel Discount Bank of New York. Shapiro executed a note in which he personally guaranteed repayment of the loan with funds in his time-deposit account at that bank. In January 1985 prior to the bank's renewal of the loan, the defendants David and Natalie Mayer and two officers of the corporation entered into an agreement "to participate as co-guarantors" with Shapiro on the corporation's debt to the bank. The agreement provided that "[s]uch participation for each of the undersigned is hereby limited to twenty-five (25%) percent of any sum Rubin Shapiro is required to pay to Israel Discount Bank of New York on the aforementioned guarantee". In 1986 before the loan became due, Shapiro withdrew the funds in his time-deposit account in order to meet certain medical expenses, and the bank retained the $25,000 due on the loan. After Shapiro's death, the defendants refused to pay his estate 25% of the $25,000 (or $6,250), and the instant action ensued.

We find no basis to disturb the court's determination in favor of the plaintiff. Pursuant to the plain terms of the agreement, the defendants were obligated to share Shapiro's personal liability for the loan to the corporation. "A familiar

and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). The court properly rejected the defendants' contention at the hearing that Shapiro's repayment of the corporation's loan was a voluntary payment not contemplated by the agreement, which affected their liability under the agreement. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.